## MARIA CROWE
### v.
## PETER F. WOLFF.

*Agency—Sale of Real Estate—Recovery of Commission.*

1. In an action brought to recover a sum alleged to be due as a commission on a sale of real estate, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

2. The action being upon a special contract, a contention that there can be no recovery under the common counts because the agent did not do all that he was bound to do thereunder—not only find a purchaser, but prepare the papers for conveyance, etc., the owner having sold the property—and that the principal, not having availed himself of the offer, obtained no benefit from what the agent did, is unavailing where there is no evidence that it was the understanding that the agent should prepare the papers for conveyance, etc., or that it was the custom for the agent who makes a sale to do so.

[Opinion filed December 10, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Appellant being the owner of a lot on Clark street in Chicago, received from appellee a letter asking her if the property was for sale, and if so, for what price. She went to his office and told him he might sell it for $25,000 cash. September 11th she wrote to appellee, stating that she had decided to withdraw the property from sale. This letter he testifies he never received. September 12th he went to her house and told her he had an offer; he declared he told her an offer of $20,000, one-half cash, balance in one or two years, with interest at six per cent.

She testifies he told her that he had an offer of $25,000. A few days thereafter she sent him a postal card saying she would be down to his office. She went down, looked at a contract which appellee had drawn to sell the property to a Mr. Clark for $20,000, one-third cash; this she refused to sign and left the office.

She shortly afterward sold the property for $21,000, all cash.

Appellee told her that if he made a sale his commissions would be two and one-half per cent.

Clark testified that he offered, was ready, able and willing to purchase the property for $20,000—one-half cash, balance one or two years' time, with interest at six per cent.

A jury was waived and the cause tried by the court. The court found for the plaintiff and rendered judgment for $500.

Mr. M. J. DUNNE, for appellant.

Messrs. KRAUS, MAYER & STEIN, for appellee.

WATERMAN, P. J. The question presented by this record is one of fact. Did appellant authorize appellee to sell her property for $20,000 upon the terms offered by Clark?

Appellant denies that she did this.    Appellee declares that she did.

While a reading of the record leaves upon our minds the impression that she, rather than he, told the truth about this matter, it is impossible for the court to say that there was in her favor such a preponderance of evidence as will justify us in reversing the finding and judgment of the Circuit Court.

It is urged that as the action is upon a special contract, there can be no recovery under the common counts, because the agent did not do all that he was bound to thereunder, viz., not only find a purchaser, but prepare the papers for conveyance, etc., and the principal, not having availed herself of the offer, obtained no benefit from what the agent did.

In regard to this, it is sufficient to say that there was no evidence that it was the understanding that appellee should prepare the papers for conveyance, etc., or that it is the custom for the agent who makes the sale to do so.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*